UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

NARESH DEONARRAIN,

Plaintiff,

-against-

CITY OF NEW YORK, NICHOLAS MARTUCCI, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

Plaintiff NARESH DEONARRAIN, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff NARESH DEONARRAIN is a twenty-four-year-old resident of Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, NICHOLAS MARTUCCI, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

**FACTS**

12. On September 11, 2019, beginning at approximately 4:30 p.m., in the vicinity of the 75th Precinct, located at 1000 Sutter Avenue, Brooklyn, New York, plaintiff was falsely arrested and subjected to excessive force by a number of NYPD officers including, without limitation, defendant NICHOLAS MARTUCCI.

13. At the aforementioned date and time, plaintiff went to the 75th Precinct after learning that his brother's car was unjustifiably driven to said precinct by an NYPD officer.

14. Upon arriving at the precinct, plaintiff spoke to his brother, who showed him a video of police officers driving away in his car.

15. After watching the video, plaintiff briefly turned away from his brother to call their mother.

16. Moments later he heard a commotion and, as he turned to face his brother, plaintiff witnessed an NYPD officer run towards his brother and tackle him to the ground.

17. Plaintiff took out his cellphone to record the incident.

18. Additional police officers at the scene falsely told plaintiff that he was not allowed to record his brother's arrest, and told plaintiff to leave.

19. Plaintiff properly asserted that he had a right to record the unjust beating of his brother, but he nonetheless complied with the order, and told the officers he would leave.

20. Plaintiff informed defendant officer JOHN DOE 1 that he was going to walk in the direction of where he parked his car.

21. In response, JOHN DOE 1 told plaintiff that his car was parked in the opposite direction.

22. Plaintiff, still attempting to leave as ordered, again indicated to the officer the

actual direction that his car was parked.

23. Thereafter, defendant JOHN DOE 1 unjustifiably pushed plaintiff, after which approximately four to five officers needlessly jumped on plaintiff's back and tackled him to the ground.

24. Plaintiff was subsequently handcuffed and held face down on the sidewalk.

25. While face down on the sidewalk, defendant officer JOHN DOE 2 placed his knee on top of the left side of plaintiff's face, pressing the right side of his face into the pavement, while other defendant officers repeatedly punched plaintiff in the back, causing plaintiff to suffer gratuitous and otherwise needless pain.

26. The defendant officers thereafter picked plaintiff up by his arms and legs and carried him into the precinct.

27. The defendant officers dropped plaintiff on the floor near the front desk, and applied shackles to his feet.

28. Thereafter, defendant officer JOHN DOE 3, a tall, heavy set, African American officer, proceeded to step on the shackles on plaintiff's left ankle, causing plaintiff to yell out in pain.

29. Said officer kept his foot placed on plaintiff's left ankle for an extended period of time, even as plaintiff cried out that he was losing sensation in his ankle.

30. Other defendant officers witnessed the ordeal, and instead of intervening in this clearly improper and unjustified use of force, responded by laughing at plaintiff and saying, in sum and substance, "oh look, we got front row seats to this."

31. Plaintiff then stated that he believed his ankle was broken.

32. Defendant officer JOHN DOE 3 finally removed his foot from plaintiff's ankle

and ordered him to stand up.

33. Plaintiff responded, in sum and substance, that he could not feel his ankle and could not move.

34. Plaintiff was subsequently dragged to a cell, at which time he requested medical attention.

35. In response to plaintiff's request, EMS arrived and thereafter transported plaintiff to Brookdale Hospital, where an x-ray confirmed that plaintiff had in fact sustained a fractured ankle.

36. Further, plaintiff received pain medication and a splint was applied to his left foot from his shin down to his ankle.

37. Plaintiff was also given crutches due to his inability to bear weight on said foot. However, in complete disregard of plaintiff's physical limitations due to his injury, the assisting police officers left the crutches at Brookdale.

38. Plaintiff was thereafter transported back to the 75th Precinct.

39. After a number of hours, during which time plaintiff continued to experience excruciating pain from his injury, plaintiff was transported back to Brookdale Hospital.

40. At Brookdale, plaintiff was administered pain medication to alleviate his pain, and he was thereafter transported back to the precinct.

41. The defendant officers continued to imprison plaintiff until September 12, 2019, when plaintiff was arraigned in Kings County Criminal Court on baseless charges filed under docket number CR-033691-19KN; said charges having been filed based on the false allegations of defendant officer MARTUCCI.

42. Defendant MARTUCCI created and manufactured false evidence which was

conveyed to the Kings County District Attorney's office and used against plaintiff in the aforementioned legal proceeding. Specifically, defendant MARTUCCI swore to false claims that plaintiff obstructed governmental administration, resisted arrest, and acted disorderly. Contrary to MARTUCCI's claims, plaintiff did not commit the alleged actions. Instead, upon attempting to leave the scene of the aforementioned incident involving his brother, pursuant to the defendant officers' order, plaintiff was obstructed, pushed, and then arrested and assaulted by defendant officers without justification.

43. At plaintiff's initial court appearance on September 12, 2019, all of the false charges lodged against him were adjourned in contemplation of dismissal and thereafter dismissed and sealed.

44. Following his release from NYPD custody, plaintiff continued to experience severe pain and discomfort stemming from his injury, and consequently sought further medical treatment, including treatment at NY Presbyterian Hospital on September 13, 2019, where his injury was further treated and evaluated, a new splint was applied to his left foot, and he was supplied crutches.

45. As a result of the above-described constitutional violations, plaintiff sustained, without limitation, substantial pain and suffering, including a fractured left ankle, bruising to wrists from the handcuffs, emotional distress and loss of liberty.

46. Defendants MARTUCCI, JOHN DOES 1, 2, 3 and JOHN and JANE DOE 4 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

47. All of the above occurred as a direct result of the unconstitutional policies,

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

48. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and falsely arrest individuals to cover up police abuse.

49. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

50. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

51. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

52. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

53. All of the aforementioned acts deprived plaintiff NARESH DEONARRAIN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. As a result of the foregoing, plaintiff NARESH DEONARRAIN sustained, *inter alia*, physical injuries, emotional distress and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendant officers arrested plaintiff NARESH DEONARRAIN without probable cause, causing him to be detained against his will for an extended period of time and subjected to

physical restraints.

59. Defendant officers caused plaintiff NARESH DEONARRAIN to be falsely arrested and unlawfully imprisoned.

60. As a result of the foregoing, plaintiff NARESH DEONARRAIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendant officers unreasonably, and otherwise in violation of plaintiff's constitutional rights, pushed and assaulted plaintiff, and applied cruel and unnecessary pressure to plaintiff's restraints, causing plaintiff to sustain injuries, *inter alia*, a fractured left ankle, bruising to his wrists, and severe pain.

63. As a result of the aforementioned conduct of the defendant officers, plaintiff NARESH DEONARRAIN was subjected to excessive force and sustained physical injuries and emotional distress.

64. As a result of the foregoing, plaintiff NARESH DEONARRAIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendant officer MARTUCCI reported false allegations against plaintiff NARESH DEONARRAIN.

67. Defendant officer MARTUCCI utilized this false evidence against plaintiff in legal proceedings.

68. As a result of defendant's false allegations, which defendant conveyed to the Kings County District Attorney's Office, plaintiff suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution, and was deprived of his liberty.

69. As a result of the foregoing, plaintiff NARESH DEONARRAIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants had an affirmative duty to intervene on behalf of plaintiff NARESH DEONARRAIN, whose constitutional rights were being violated in their presence by other officers.

72. The defendants failed to intervene to prevent the unlawful conduct described herein.

73. As a result of the foregoing, plaintiff NARESH DEONARRAIN was arrested, subjected to excessive force, assault, and battery, and he was denied his right to a fair trial.

74. As a result of the foregoing, plaintiff NARESH DEONARRAIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. The supervisory defendants, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

77. As a result of the foregoing, plaintiff NARESH DEONARRAIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

80. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unjustifiably arresting individuals for *inter alia,* lawfully filming or attempting to take video or footage of police misconduct, subjecting them to excessive force, and manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff NARESH DEONARRAIN's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

81. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff NARESH DEONARRAIN.

82. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NARESH DEONARRAIN as alleged herein.

83. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff NARESH DEONARRAIN as alleged herein.

84. As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the City of New York and the New York City Police Department, plaintiff NARESH DEONARRAIN was unlawfully seized, assaulted and battered, and denied his right to fair trial, resulting physical and emotional injuries.

85. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff NARESH DEONARRAIN's constitutional rights.

86. All of the foregoing acts by defendants deprived plaintiff NARESH DEONARRAIN of federally protected rights, including, but not limited to, the right:

A. To be free from false arrest/unlawful imprisonment;

B. To be free from excessive force;

C. To receive a fair trial; and

E. To be free from the failure to intervene.

87. As a result of the foregoing, plaintiff NARESH DEONARRAIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

90. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation

of such claim as aforesaid.

91. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

92. Plaintiff has complied with all conditions precedent to maintaining the instant action.

93. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Defendants arrested plaintiff NARESH DEONARRAIN without probable cause.

96. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

97. As a result of the aforementioned conduct, plaintiff NARESH DEONARRAIN was unlawfully imprisoned in violation of the laws of the State of New York.

98. As a result of the aforementioned conduct, plaintiff NARESH DEONARRAIN suffered physical and emotional injury, and loss of freedom.

99. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

100. As a result of the foregoing, plaintiff NARESH DEONARRAIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

101. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. As a result of the foregoing, plaintiff NARESH DEONARRAIN was placed in apprehension of imminent harmful and offensive bodily contact.

103. As a result of defendants' conduct, plaintiff NARESH DEOANRRAIN suffered a fractured left ankle, physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

104. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

105. As a result of the foregoing, plaintiff NARESH DEONARRAIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

106. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Defendants made offensive contact with plaintiff NARESH DEONARRAIN without privilege or consent.

108. As a result of defendants' conduct, plaintiff NARESH DEONARRAIN has suffered a fractured left ankle, physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

109. The individually named defendants battered plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

110. As a result of the foregoing, plaintiff NARESH DEONARRAIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

111. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who arrested, assaulted and battered, and manufactured evidence against plaintiff NARESH DEONARRAIN.

113. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

114. As a result of the foregoing, plaintiff NARESH DEONARRAIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

115. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who arrested, assaulted and battered, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

117. As a result of the foregoing, plaintiff NARESH DEONARRAIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff NARESH DEONARRAIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
December 10, 2020

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff NARESH DEONARRAIN
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: Brett Klein
BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

NARESH DEONARRAIN,

Plaintiff,

Docket No.

-against-

CITY OF NEW YORK, NICHOLAS MARTUCCI, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132